## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ROOSEVELT JOHNSON        *

v.        *        Civil No. – JFM-14-4002

NORFOLK SOUTHERN RAILWAY CO.    *

\*\*\*\*\*\*

## MEMORANDUM

Roosevelt Johnson has instituted this action against Norfolk Southern Railway Co. Norfolk Southern has filed a motion for summary judgment. The motion will be granted.

The following facts are undisputed. Johnson's employment with Norfolk Southern was terminated by Norfolk Southern because he allowed a Locomotive Engineer Trainee to operate a train between CP Harbor and CP Paxton. Although it is somewhat unclear as to the time that the Locomotive Engineer Trainee was permitted to operate the train, it is undisputed that this did occur for some period of time. Permitting a Locomotive Engineering Trainee to operate a train without direct supervision was in violation of Norfolk Southern rules.

Johnson had a record of disciplinary infractions with Norfolk Southern. He also had filed many discrimination claims against Norfolk Southern. Indeed, at the time of the incident in question, he had a pending law suit against Norfolk Southern. Johnson alleges that his employment was terminated because of the discrimination claims he filed.

Johnson filed internal appeals with Norfolk Southern as he was entitled to do. Johnson's final appeal was to the Public Law Board.[1]

---

[1] The Public Law Board reinstated the Locomotive Engineering Trainee and the conductor.

Specifically, Johnson claims that Norfolk Southern violated its labor agreement by sending him a notice of the disciplinary hearing by United Parcel Service Next Day Air rather than by certified mail. The record establishes that it was in accordance with established practice for the respondent in a disciplinary proceeding to be advised of the proceeding by United Parcel Service Next Day Air. In any event, although Johnson did not appear at the initially scheduled hearing, the hearing was postponed and Johnson was present at the hearing leading to his termination. Against this background it is clear that Norfolk Southern did not violate Johnson's rights under Title VII. There is no evidence either the hearing officer who initially determined that Johnson's employment should be terminated or the members of the Public Law Board was aware of Johnson's history of filing discrimination complaints. However, even assuming that they were aware of that history, Johnson would not be able to establish, as required by the *McDonnell Douglas* protocol, that Norfolk Southern's stated basis for the termination of Johnson's employment, was "pretextual." It may be assumed that the officer who charged Johnson with misconduct (and who allegedly was aware of his history of filing of complaints) was pleased by the opportunity that Johnson gave him to have Johnson's employment terminated. That alone, however, does not establish a Title VII violation. In the appeal process, Johnson's union acknowledged that the Union "does not dispute that Claimant was not present in the operating cab at certain times during Claimant's trip" and that "Claimant admitted his responsibility and his role in this incident." Johnson is responsible for his own actions, and the misconduct in which he engaged was serious and fully warranted his discharge.

A separate order granting defendant's motion for summary judgment is being entered herewith.

Date: __11/13/15__

_____
J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 NOV 13 PM 5:48

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY